UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORENA ESTRADA O/B/O J.E., <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. CV-13-3121-FVS <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 16, 21.) Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Franco Becia represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Lorena Estrada protectively filed for supplemental security income (SSI) on behalf of J.E., a minor (plaintiff), on December 17, 2007. (Tr. 189.) Plaintiff alleged an onset date of November 27, 2007. (Tr. 129.) Benefits were denied initially and on reconsideration. (Tr. 62, 68, 76.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on October 23, 2009. (Tr. 37-58.) ALJ Chester denied benefits (Tr. 21-36) and the Appeals Council denied review. (Tr. 1.) Plaintiff filed a claim in U.S. District Court and the matter was remanded for further review. (Tr. 304-21.) A second hearing was held before ALJ Ruperta M. Alexis on May 7, 2013. (Tr. 348-78.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 370-74.) Plaintiff's mother also testified. (Tr. 350-68.) ALJ Alexis denied benefits (Tr. 278-94) and the matter is again before the court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 13 years old and in in seventh grade at the time of the second hearing. (Tr. 350, 370.) According to his mother, he has missed a lot of school due to colds and in-house suspensions. (Tr. 352.) He has been suspended because of his behavior. (Tr. 352.) He has also received lunch detention and Friday school. (Tr. 352.) Plaintiff's mother said he gets detention because he will not pay attention and refuses to do what is asked. (Tr. 353.) He is constantly reminded to get on task. (Tr. 353.) He gets in trouble at school because he talks back to the teacher and is defiant. (Tr. 353.) His mother testified plaintiff has trouble focusing and everything distracts him. (Tr. 354.) It has been recommended that plaintiff get therapy but insurance does not cover therapy. (Tr. 357.) His sleep has improved since he has been taking medication. (Tr. 359-60.) According to his mother, plaintiff is "in his own world" a lot of the time. (Tr. 361.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(c(a)(3)(C)(i)(2003).

The regulations provide a three-step process to determine whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the analysis proceeds to step two. Step two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that cause no more than minimal functional limitations." *Id.* If, however, there is a finding of severe impairment, the analysis proceeds to the final step, which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal or

functionally equal" the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six broad areas of functioning, or domains, are considered: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for self, and health and physical well-being. 20 C.F.R. § 416.926a.

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity since December 17, 2007, the application date. (Tr. 281.) At step two, the ALJ found plaintiff had the following severe impairments: attention deficit hyperactivity disorder (ADHD) and behavioral problems. (Tr. 281.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 281.) The ALJ then determined plaintiff does not have an impairment or combination of impairments that functionally equals a listing. (Tr. 282.) Thus, the ALJ concluded plaintiff has not been disabled as defined in the Social Security Act since December 17, 2007, the date the application was filed. (Tr. 294.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly considering the medical opinion evidence; (2) failing to discuss the findings of Dr. Liebe; and (3) making a negative credibility finding. (ECF No. 16 at 9-16.) Defendant argues the ALJ: (1) properly discredited the symptoms and limitations alleged; (2) properly considered Dr. Liebe's findings; and (3) reasonably evaluated the medical evidence. (ECF No. 21 at 7-21.)

## DISCUSSION

### 1. Credibility

Plaintiff argues the ALJ committed reversible error by making negative credibility findings. (ECF No. 16 at 11-13.) In social security proceedings, the claimant must prove the

existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Symptoms are the claimant's description of the physical or mental impairment, or in the case of a claimant under the age of 18 who is not able to describe his symptoms, the description of a parent or other person who is most familiar with the child. 20 C.F.R. § 416.928(a)

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's impairments could reasonably be expected to produce some of the alleged symptoms. (Tr. 284.) However, the ALJ found the statements from plaintiff's mother

regarding the intensity, persistence and limiting effects of the alleged symptoms are not entirely credible. (Tr. 284.) The ALJ gave several reason to support the credibility finding.

First, the ALJ found the medical evidence does not support plaintiff's allegations. (Tr. 285.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. 416.929(c)(2). The ALJ pointed out plaintiff's test scores show average cognitive ability and no discrepancy evidencing a specific learning disability. (Tr. 136-39, 227, 285.) Dr. McKnight testified at the first hearing that plaintiff's test results indicate academic achievement within the average range. (Tr. 134, 495.) Dr. McKnight testified plaintiff may have borderline behavioral problems with breaking rules, aggression and withdrawal based on the mother's report of behaviors. (Tr. 285, 496.) Plaintiff was tested for special education but was not found eligible in any category. (Tr. 140, 496.) Although plaintiff demonstrated some difficulty with language skills, Dr. McKnight testified his overall intelligence is within the average range. (Tr. 499.) All of these factors are reasonably interpreted by the ALJ as objective evidence inconsistent with the claimed disabling limitations. As a result, this is a clear and convincing reason supporting the negative credibility finding.

Second, the ALJ observed several inconsistencies in the record which diminish plaintiff's credibility. (Tr. 285.) A strong indicator of credibility is the consistency of the individual's own statements made in connection with the claim for disability benefits and statements made to medical professionals. S.S.R. 96-7p. In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ pointed out plaintiff's mother alleged that her son's grades are low, that he has difficulty getting along with others, and difficulty maintaining his attention, concentration and persistence. (Tr. 285.) However, plaintiff was observed by a school counselor to remain 100% on task at school for 25 minutes and does well with one-on-one help. (Tr. 137, 197, 285, 497.) In 2011, plaintiff's mother reported to Dr. Liebe she has no concerns with delinquency and that plaintiff is much better when he takes his medication. (Tr. 540, 542.) Additionally, despite reports of social difficulties, in 2011, Dr. Liebe reported plaintiff associates with two relatives who are near his age and the three went fishing together. (Tr. 541.) He has a friend at school with whom he eats lunch and walk around the track. (Tr. 372.) Plaintiff also enjoys playing with

Legos, plays video games and shares a computer with his sisters. (Tr. 373-74, 541.) These activities could reasonably be considered to require concentration, attention, and social interaction inconsistent with the claimed limitations. As a result, the ALJ cited substantial evidence which reasonably supports a clear and convincing reason for the negative credibility finding. Thus, the ALJ did not err.

**2.     Dr. Liebe**

Plaintiff argues the ALJ erred by failing to consider the opinion of Dr. Liebe. (ECF No. 16 at 9-11.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Liebe examined plaintiff in March and August 2006 and in August 2011. (Tr. 227-31, 540-42.) In March 2006, Dr. Liebe diagnosed attention deficit/hyperactivity disorder and identified two other "probable" comorbidities of specific learning disability and oppositional defiant disorder. (Tr. 231.) She noted that plaintiff's oppositional behaviors are present at home and school and opined they "and are causing a functional impairment." (Tr. 231.) Dr. Liebe

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

recommended behavioral therapy. With respect to a possible learning disability, Dr. Liebe noted that the school would be testing plaintiff. (Tr. 231.) With respect to ADHD, Dr. Liebe recommended behavioral therapy and a trial of medication, although plaintiff's mother did not want to consider medication. (Tr. 231.) In August 2006, Dr. Liebe reviewed the results of school testing which showed average cognitive ability and no specific learning disability. (Tr. 227.) Dr. Liebe noted plaintiff's behaviors had not changed, but the mother had not yet accessed behavioral therapy. (Tr. 228.) Dr. Liebe recommended behavioral therapy and additional neurodevelopmental testing. (Tr. 228.)

In August 2011, Dr. Liebe saw plaintiff again after a five-year absence. (Tr. 540.) Plaintiff's mother reported that plaintiff began taking Strattera about two years prior and both she and his teachers felt that his behaviors were in relatively good control. (Tr. 540.) When plaintiff was off medication, his teacher was concerned about daydreaming, but once the medication was restarted, plaintiff's attention, focus, and completion of work improved. (Tr. 540.) When plaintiff is taking medication, his mother reports he responds to requests more quickly with less oppositionality. (Tr. 540.) His mother reported she had no concerns with delinquency and his occasional anger is much better on medication. (Tr. 540-41.) He has made friends. (Tr. 541.) Dr. Liebe diagnosed attention deficit/hyperactivity disorder. (Tr. 542.) When taking medication consistently, plaintiff "appears to have sustained academic progress at school, and by mother's report is not having significant behavioral disturbance." (Tr. 542.) Dr. Liebe recommended continuing medication, monitoring academic progress, and no further testing or follow up. (Tr. 542.)

Plaintiff argues the ALJ erred by failing to address Dr. Liebe's findings. (ECF No. 16 at 9-11.) Although the ALJ did not specifically discuss Dr. Liebe's notes, the ALJ cited Dr. Liebe's reports favorably throughout the decision. (Tr. 285-87.) The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ did not reject Dr. Liebe's findings.[1]

---

[1] Even if the ALJ should have assigned weight to Dr. Liebe's findings, any error is harmless because Dr. Liebe's opinions do not contain evidence of additional limitations beyond the ALJ's findings. Harmless error occurs when an error is inconsequential to the ultimate nondisability determination. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008);

Plaintiff does not mention the 2011 findings, but emphasizes Dr. Liebe's March 2006 finding that plaintiff's oppositional behaviors are causing a functional impairment. (ECF No. 16 at 10-11.) However, Dr. Liebe did not identify any specific functional limitations applicable to the six domains. Furthermore, Dr. Liebe's 2011 findings show that plaintiff oppositional behavior improved significantly on medication. Notwithstanding, plaintiff asserts, "Dr. Liebe made it clear that his psychological symptoms would not be controlled with medications." (ECF No. 16 at 11.) Dr. Liebe's 2011 findings indicate that plaintiff's symptoms were, in fact, controlled with medication. (Tr. 541-42.) An impairment effectively controlled with medication is not disabling. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As a result, there is nothing in Dr. Liebe's findings which could reasonably be construed as evidence of limitations greater than the ALJ's findings regarding the six domains.

**3.  Other Opinion Evidence**

Plaintiff argues the ALJ should not have rejected the opinions of ARNP Beauchamp and plaintiff's first grade teachers, Ms. Gonzalez and Ms. Ramirez. (ECF No. 16 at 13-16.) The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it.

**a.  Teacher Opinions**

The ALJ considered the opinions of plaintiff's first grade teachers, Ms. Gonzalez and Ms. Ramirez. (Tr. 284, 286-87.) Ms. Gonzalez completed a Social Security Administration Teacher

---

*Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

Questionnaire form in April 2007. (Tr. 165-72.) Ms. Gonzalez opined plaintiff has obvious problems in five areas of the domain of acquiring and using information and noted plaintiff can be very defiant and refuse to do anything. (Tr. 166.) In the domain of attending and completing tasks, she opined plaintiff only has a slight problem in some areas and noted he is very persistent about finishing a task before moving on. (Tr. 167.) Ms. Gonzalez identified four areas on the domain of interacting and relating with others which she rated as an obvious problem. She did not rate the domain of moving about and manipulating objects. (Tr. 168-69.) In the domain of caring for himself, Ms. Gonzalez assessed a serious problem in handling frustration and being patient and an obvious problem in the ability to use coping skills to meet the demands of the school environment. (Tr. 170.) No concerns were noted in the domain of health and physical well-being. (Tr. 171.)

The ALJ assigned little weight to Ms. Gonzalez opinion because the objective evidence and plaintiff's activities of daily living do not show that his impairments meet or equal the childhood disability listings, as discussed *supra*. (Tr. 286.) Inconsistency with medical evidence is a germane reason for rejecting lay witness evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). The ALJ pointed out that plaintiff's cognitive scores and overall intelligence are average. (Tr. 136-39, 227, 286, 499.) The ALJ also observed that the opinion had been generated seven years before the decision and does not address plaintiff's behavioral improvement with medication. (Tr. 286.) These reasons are all germane to the witness and are supported by the evidence.

Ms. Ramirez also completed an SSA Teacher Questionnaire form in January 2008. (Tr. 196-203.) Ms. Ramirez assessed a serious problem and an obvious problem in most areas of the domain of acquiring and using information. (Tr. 197.) She stated plaintiff has a hard time staying on task, but he does ok when he has one on one help. (Tr. 197.) Ms. Ramirez also identified a very serious problem, serious problem, or an obvious problem in most areas of the domain of attending and completing tasks. (Tr. 198.) She noted plaintiff has to be told several times what the tasks are. (Tr. 198.) In the domain of interacting and relating with others, Ms. Ramirez noted one serious problem area and four obvious problem areas. (Tr. 199.) She identified no problems in the domain of moving about and manipulating objects; two obvious problems in the domain of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

caring for himself; and no significant concerns in the domain of physical well-being. (Tr. 200-02.)

The ALJ assigned little weight to Ms. Ramirez opinion for the same reasons noted for Ms. Gonzalez' opinion. (Tr. 287.) If the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The regulations require consideration of other source opinions, *see* 20 C.F.R. §§ 404.1529(c)(3), 404.1545(a)(3), but do not require the ALJ to provide express reasons for rejecting testimony from each lay witness, *see id.*; *see also* SSR 06–03p (recognizing "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision"). *Molina* at *id*. The ALJ observed Ms. Gonzalez' opinion contradicts Ms. Ramirez' opinion on the issue of the ability to stay on task since Ms. Gonzalez specifically noted plaintiff is very persistent about completing tasks. (Tr. 167, 197, 286.) Further, Ms. Ramirez' note that plaintiff is capable of doing work with one-on-one assistance suggests plaintiff is less limited than assessed. (Tr. 287.) The ALJ observed that despite the reports of Ms. Ramirez and Ms. Gonzalez, plaintiff was not placed in special education. (Tr. 287.) This was reasonably interpreted by the ALJ to suggest that although plaintiff had some difficulties at school, he was not as limited as alleged. Again, these reasons are germane to the witness and supported by the evidence.

### b. ARNP Beauchamp

Plaintiff argues the ALJ erred in rejecting the opinion of ARNP Beauchamp. (ECF No. 16 at 14-15.) Ms. Beauchamp completed a "Medical Report for Child" form in August 2009.[2] (Tr. 265-67.) Ms. Beauchamp opined plaintiff has a marked impairment in the domain of

---

[2] This is the only evidence from Ms. Beauchamp in the record. Plaintiff describes Ms. Beauchamp as a treating provider (ECF No. 16 at 14), although the record does not reflect a history of a treating relationship. Ms. Beauchamp's statement indicates plaintiff began care at that office in April 2009, although it is not clear that Ms. Beauchamp had previously seen plaintiff. (Tr. 267.) At the first hearing, the ALJ gave plaintiff's counsel additional time to obtain treatment records from Ms. Beauchamp. (Tr. 55-56.) However, the report is the only evidence in the record from Ms. Beauchamp. Notwithstanding, even if Ms. Beauchamp is a treating provider, the ALJ gave germane reasons supported by substantial evidence for rejecting the opinion.

acquiring and using information and noted plaintiff "reportedly" has a difficulty with learning and information processing. (Tr. 265.) For the domain of attending and completing tasks, Ms. Beauchamp assessed a marked limitation and noted plaintiff has difficulty initiating and completing tasks that are complex or involve organization. (Tr. 265.) She assessed a less than marked limitation in the domains of interacting and relating to others, moving about and manipulating objects, and caring for self; and no limitation in the domain of health and physical well-being. (Tr. 266-67.)

The ALJ assigned little weight to the marked limitations in Ms. Beauchamp's opinion for reasons previously discussed by the ALJ. *See Molina* at *id.* The ALJ rejected Ms. Beauchamp's findings regarding marked mental health limitations because as discussed *supra*, neither the objective evidence nor activities of daily living support such limitations. (Tr. 287.) Further, the ALJ observed that Ms. Beauchamp did not cite any specific objective medical evidence that plaintiff has marked limitations with learning and information processing. (Tr. 284.) Ms. Beauchamp did not cite any exam findings or personal observations in the report regarding attending and completing tasks or otherwise identify the basis for her conclusion. (Tr. 265.) In fact, Ms. Beauchamp's explanation for each assessment of the six domains is a one-sentence statement with no supporting detail. (Tr. 265-66.) The amount of relevant evidence supporting the opinion and the quality of the explanation provided are relevant factors in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ also concluded Ms. Beauchamp's findings are less reliable because she noted that plaintiff's mother reported his symptoms are controlled when he takes his medication. (Tr. 267.) As noted *supra*, an impairment effectively controlled with medication is not disabling. *Warre*, 439 F.3d at 1006. The reasons cited by the ALJ are germane to the witness and are supported by substantial evidence. As a result, the ALJ did not err.

In reply briefing, plaintiff cites language in the August 2012 U.S. District Court remand order: "Ms. Beauchamp's assessment is consistent with Plaintiff's test results and teacher evaluations that Plaintiff had marked limitations in acquiring and using information and attending and completing tasks." (Tr. 416, ECF No. 22 at 3.) Arguments not made in an opening brief are waived. *Bray v. Comm'r*, 554 F.3d 1219, 1226 n. 7 (9th Cir. 2009). Notwithstanding, without citing any authority, plaintiff suggests this language is a factual finding which binds the ALJ to find that Ms. Beauchamp's assessment and the teacher

evaluations are consistent. (ECF No. 22 at 3-5.) The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989); see also *Richardson v. Perales*, 402 U.S. 389, 400 (1971)

The ALJ detailed test results which support the conclusion that there is a lack of objective supporting evidence for Ms. Beauchamp's finding of a marked limitation in the domain of acquiring and using information. (Tr. 287.) In particular, all results of the CTONI were average (Tr. 136) and results of the Woodcock Johnson were in the average range. (Tr. 137.) While the results of the WISC III IQ testing were determined to be invalid, it was noted that deficits were attributed to cultural and language factors and not any deficit in plaintiff. (Tr. 135.) In addition, Dr. McKnight concluded the test results no marked limitations. (Tr. 495-96.) The court must uphold the ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Plaintiff does not address any of the facts cited by the ALJ as supporting evidence but relies on explanatory language in a prior court decision that is not binding precedent.

Furthermore, even if the test result evidence is ambiguous, the court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). As a result, the court concludes the ALJ's finding regarding test results and a lack objective evidence is rational and must be upheld. Lastly, the court's order directed the ALJ to reconsider the weight afforded to the opinion of Ms. Beauchamp and other lay witnesses and to support the findings with germane reasons supported by substantial evidence. (Tr. 422.) Even if the ALJ erred on this issue, the ALJ cited three other germane reasons supported by substantial evidence for rejecting the marked limitations assessed by Ms. Beauchamp. Therefore, any error would be harmless error. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff also argues for the first time on reply that the ALJ erred in considering evidence of plaintiff's cognitive abilities because ADHD and ODD are not characterized by intelligence. (ECF No. 22 at 6-7.) Notwithstanding, this argument fails because plaintiff's cognitive abilities are relevant in evaluating the domain of acquiring and using information. 20 C.F.R. § 416.926a(g).

**4.    Substantial Evidence**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

Plaintiff argues the ALJ erred by relying solely on the opinions of nonexamining medical advisors and rejecting the opinions of all other providers. (ECF No. 16 at 13-16.) The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and are consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Some cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

The ALJ indicated that in addition to the opinions Dr. McKnight and the state agency examiners that plaintiff is not disabled,[3] the ALJ also relied on evidence of plaintiff's ability to do well when he takes his prescribed medication. (Tr. 287.) This evidence comes from Dr. Liebe's report and from ARNP Beauchamp's report. Both Dr. Liebe and Ms. Beauchamp noted that plaintiff's mother reported plaintiff's symptoms were controlled with medication. (Tr. 267, 541-42.) As a result, the ALJ did not rely solely upon the opinion of Dr. McKnight and the state agency examiners, but on evidence independent of the non-examining, non-treating medical opinions. *See Jamerson v. Chater*, 112 F.3d 1064 (9th Cir. 1997) (affirming ALJ decision regarding disability of a minor based in part on opinions of non-treating, non-examining acceptable medical sources contrary to a teacher opinion). Therefore, substantial evidence supports the ALJ's findings and the ALJ did not err.

---

[3] As discussed *supra*, Dr. McKnight opined plaintiff has less than marked or no limitations in the six domains. (Tr. 498-500.) Dr. Gilbert, a reviewing psychologist, opined in May 2007 and July 2008 that plaintiff has less than marked limitation in five domains and no limitation in one domain. (Tr. 233-38.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

Case 2:13-cv-03121-FVS   Document 23   Filed 01/20/15

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 21)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 16)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED January 20, 2015

*s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge